IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Spartanburg Regional Healthcare System, on behalf of itself and others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>Hillenbrand Industries, Inc., Hill-Rom, Inc., and Hill-Rom Company, Inc.,<br><br>      Defendants. | Civil Action No. 7:03-2141-HFF-BHH<br><br>**O R D E R** |

    This matter is before the court on the defendants' motion to compel responses to its second set of interrogatories. The motion was referred to this court for disposition pursuant to Title 28, United States Code, Section 636, by order of the Honorable Henry F. Floyd, United States District Judge.

    The plaintiff Spartanburg Regional Healthcare System ("SRHS") brought this antitrust case pursuant to the Sherman and Clayton Acts. The action was brought as a class action pursuant to Federal Rule of Civil Procedure 23. A motion to certify the class is now pending before this court. On May 6, 2005, this court granted the plaintiff's motion to file a second amended complaint. The defendants are Hillenbrand Industries, Inc., a publicly-traded holding company for businesses in the health care and funeral services industries; Hill-Rom, Inc., a wholly-owned subsidiary of Hillenbrand Industries, Inc.; and Hill-Rom Company, Inc., a wholly-owned subsidiary of Hillenbrand Industries, Inc. (collectively "defendants" or "Hill-Rom").

    The defendants argue that the interrogatories are straightforward and necessary for them to comprehend the extent of the plaintiff's allegations and to adequately

address class certification (def. m. to compel 2).  The plaintiff argues that the "additional detail" sought by the defendants goes to "the heart of [the plaintiff's] case on the merits and answers to those questions will not be available until after substantial additional discovery preparation of expert reports on the merits" (pl. opp. 1-2).  The court has reviewed the parties' specific arguments with regard to each of the disputed interrogatories and finds as set forth below.

### *Interrogatory No. 1*

The defendants seek the identity of the names of the members of the proposed class alleged in paragraph 6 of the second amended complaint and the contracts the plaintiff alleges qualify them as class members.  It appears that through its response to the motion to compel and in consultation with the defendants, the plaintiff has clarified that it does not know the identity of any class member other than itself and that members of the proposed class are all purchasers of relevant products under the contracts listed in the plaintiff's Attachment A that are also acute or sub-acute facilities.  Accordingly, it appears that this issue is moot.

### *Interrogatory No. 2(f)*

The defendants seek the identity of proposed class members who purchased from the defendants' competitors.  The plaintiff stated in its response that it rented specialty bed products from the defendants' competitor KCI.  The plaintiff further stated that it does not know the identity of any other class members that have purchased products from the defendants' competitors (pl. resp. to interrogs. 7).  As the plaintiff has fully responded to this interrogatory, the motion to compel is denied.

*Interrogatory No. 4*

The defendants asked the plaintiff to identify "all products that comprise the Architectural and In-Room Products market" referenced in the second amended complaint. The plaintiff responded that such products "include headwall units, patient guest furniture, and overbed tables" (pl. resp. to interrogs. 9). The defendants argue that this response "does nothing to define or limit the market" (def. reply 3). In its response to the motion to compel, the plaintiff clarified that it does not know of any other product within the alleged market and will supplement its response as appropriate. Accordingly, the motion is moot as to this interrogatory.

*Interrogatory No. 6*

In the disputed portion of this interrogatory, the defendants asked:

> If you allege that Hill-Rom has maintained prices for any products above competitive levels after deduction of all Hill-Rom discounts, additional fees, rebates and financial incentives attributable to purchases of those products by any proposed class member, please identify . . . (e) the amounts of Hill-Rom discounts, additional fees, rebates and financial incentives attributable to such purchase by each proposed class member.

(Pl. resp. to interrogs. 11). The plaintiff objected, arguing that premising the interrogatory on a conditional statement that misstates the proper measure of damages renders it vague and ambiguous. In their motion to compel, the defendants argue that the plaintiff can "surely" provide information about what discounts, additional fees, rebates, and financial incentives it received from the defendants (def. m. to compel 4). However, as noted by the plaintiff, this is not the interrogatory propounded by the defendants. This court agrees that the interrogatory is vague and ambiguous and, accordingly, the motion to compel is denied.

*Interrogatory No. 9*

In this interrogatory, the defendants asked the plaintiff to identify the "additional fees, rebates and financial incentives" alleged in paragraph 28 of the second amended complaint, the proposed class members who received them, and the amount of each. The defendants concede that the plaintiff may not be able to provide the requested information for every member of the proposed class, but argues that the plaintiff should provide the information as to itself. This court agrees. The plaintiff is directed to provide responsive information to the defendants on or before August 26, 2005.

*Interrogatory No. 18*

In this interrogatory, the defendants asked that the plaintiff identify the prices the plaintiff contends were "secretly raised" by the defendants to more than offset the discounts offered, which is part of the plaintiff's fraudulent concealment claim (pl. resp. to interrogs. 24; 2nd amended comp. ¶ 32). The defendants asked that the plaintiff identify the products affected, the amounts of the price increases, the dates of the price increases, and the names of the proposed class members who were unaware of such price increases. The plaintiff objected, arguing the interrogatory is vague and ambiguous. The plaintiff also referred the defendants to the responses to Interrogatory Nos. 12, 14, and 16, in which the plaintiff identified documents "that show Defendants developed a plan to increase prices to offset the so-called 'discounts'" (pl. opp. 9). The plaintiff also argued that because the defendants have not complied with their outstanding discovery obligations, it does not have the information sought by the defendants. The information sought is clearly relevant to the plaintiff's fraudulent concealment claim. The plaintiff is directed to provide the requested information to the defendants, to the extent that it can at this time, on or before August 26, 2005, and to supplement the information as discovery continues.

*Interrogatory No. 22*

In this interrogatory, the defendants asked the plaintiff to identify the specific "contractual arrangements and market practices" that have impeded the ability of purchasers to select comparable products on the basis of price and quality and to identify which of those purchasers are members of the proposed class. In its response, the plaintiff referred the defendants to the response to Interrogatory No. 10, which stated, in pertinent part, "Defendants' offer of bundled pricing discounts and financial incentives off of Hill-Rom's artificially inflated list prices unlawfully constrained or structured the options of all hospitals to which it was offered, either directly or through GPO contracts or similar arrangements." The plaintiff went on to state, "It did so by forcing them to choose either (1) to pay higher penalty prices for Standard Hospital Beds and/or Architectural or In-Room Products or (2) to refuse to deal with competitors for a substantial period of time that sold comparable products, regardless of the quality and price of such comparable products" (pl. resp. to interrogs. 15). The plaintiff noted in its response to the motion to compel that it cannot provide the names of the hospitals affected due to the defendants' outstanding discovery requests. This court finds that the plaintiff has adequately responded to this interrogatory.

*Interrogatory No. 25(a)*

This interrogatory asked that the plaintiff identify those specialty hospital beds that it alleges to have decreased in quality. The plaintiff clarified in its response to the motion to compel that "bed quality overall is less than it would have been in the absence of Defendants' anti-competitive conduct" (pl. opp. 12). Accordingly, it appears that this issue is moot.

*Interrogatory No. 28*

The defendants asked that the plaintiff identify the restraint(s) in the Hill-Rom agreements with GPO's and hospitals that it contended are unreasonable restraints of trade as alleged in paragraphs 44-48 of the second amended complaint. The plaintiff's response referenced its responses to Interrogatory Nos. 9 and 10. Those answers identified the relevant restraints of trade to be those contractual provisions that conditioned financial incentives on a purchaser's commitment to (a) purchase a high percentage of its standard hospital beds or architectural or in-room products from Hill-Rom, or (b) both purchase a high percentage of its standard hospital beds or architectural and in-room products from Hill-Rom and rent a high percentage of its specialty beds from Hill-Rom (pl. resp. to interrogs. 14). The plaintiff also attached to its interrogatory responses identification by party, date, and Bates number of the 69 contracts it has identified so far that contain the provisions it claims impose unlawful restraints of trade. This court finds that the plaintiff has adequately responded to this interrogatory.

*Interrogatory No. 30*

In paragraph 46 of the second amended complaint, the plaintiff alleges that certain Hill-Rom agreements require hospitals "to purchase or rent Hill-Rom's Specialty Beds in instances where hospitals otherwise would purchase or rent products from other manufacturers" (2nd amended comp. ¶ 46). In this interrogatory, the defendants ask the plaintiff to identify the proposed class members who face this requirement, the contract provisions that imposed the requirements, the other manufacturers from whom such hospitals would otherwise purchase, the products they would otherwise purchase, the quantities they would purchase, the prices they would pay, and the relevant dates. The plaintiff responded by cross-referencing its answers to Interrogatory Nos. 9 and 10, in which the plaintiff described the contractual provisions and identified the contracts that contain

those provisions that have been discovered so far (pl. resp. to interrogs. 14-16). The plaintiff states in its response to the motion to compel that responses to the rest of the defendants' requests would require "additional discovery, expert analysis and merits reports." This court agrees. Accordingly, the motion is denied on this issue.

### *Interrogatory No. 32*

In this interrogatory, the defendants asked the plaintiff to identify proposed class members whose "only viable economic option" was to accept Hill-Rom's bundled pricing. The plaintiff responded by referencing its answer to Interrogatory No. 29, which sought identification of "proposed class members who could not from an economic standpoint, afford to pass up . . . Hill-Rom's 'bundled pricing'" (pl. resp. to interrogs. 30, 32). The plaintiff stated in its response to the interrogatory that there was no such allegation in the second amended complaint and such information was not relevant to any claim or defense in this case (pl. resp. to interrogs. 3). The defendant argues that the interrogatories ask different questions and require different answers. This court disagrees. The plaintiff has adequately responded to this interrogatory.

### **CONCLUSION**

Now, therefore, based on the foregoing,

IT IS ORDERED that the defendants' motion to compel responses to its second set of interrogatories is granted in part and denied in part as set forth above.

IT IS SO ORDERED.

                                    s/ Bruce H. Hendricks
                                    United States Magistrate Judge

August 17, 2005

Greenville, South Carolina