**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System, Spartanburg Regional Medical Center, Spartanburg Hospital for Restorative Care, and B.J. Workman Memorial Hospital, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) | C.A. No. 7:03-2141-HFF |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc., | ) ) ) | |
| Defendants. | ) | |

**ORDER OF COURT:**

    **(A)    CERTIFYING THE PROPOSED SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**

    **(B)    GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT;**

    **(C)    GRANTING APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS; AND**

    **(D)    SETTING CERTAIN DEADLINES.**

THE COURT having considered (1) the Plaintiff's Motion for (A) Preliminary Approval of the Proposed Settlement; ; (B) Certification of the Proposed Settlement Class; (C) Approval of the Form and Manner of Notice to the Settlement Class; and (D) to set a date for Final Hearing and deadlines for class members (the "Preliminary Approval Motion"), and (2) counsel's Motion for Appointment of Class Counsel, together with the attachments thereto, including the parties' Settlement Agreement and proposed forms of Notice to the Settlement

1

Class[1]; and

THE COURT having held a hearing on February 3, 2006 to consider the Preliminary Approval Motion, and Motion for Appointment of Class Counsel;

IT IS, this 6th day of February, 2006, hereby **ORDERED**:

1.  In examining the Rule 23 certification factors in light of the proposed settlement (the "Settlement") between the Plaintiff, the Class Representatives, members of the proposed settlement class and Defendants Hillenbrand Industries, Inc., Hill-Rom, Inc. and Hill-Rom Company, Inc. ("Defendants"), the Court finds it appropriate to certify a settlement class under Fed. R. Civ. P. 23(b)(3) with respect to class claims of alleged antitrust violations by Defendants relating to the discounting, marketing, purchase, rental, servicing or warranty of Hill-Rom's products. The certified settlement class is defined as follows:

> All purchasers or renters of any Hill-Rom products ("Products" as defined in section 2 of the Settlement Agreement) in North America during the period from January 1, 1990 through February 2, 2006 (the "Settlement Class").

*Excluded from the Settlement Class are* Defendants, their officers, directors, management, employees, subsidiaries and affiliates. "North America" refers to the United States and Canada.

2.  Richard Wyatt and Laurence Macon of Akin Gump Strauss Hauer & Feld, LLP, Gordon Ball of Ball and Scott, and John Felder, Sr. of Felder & McGee, LLP are appointed as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.  The Court finds that the proposed Settlement was the result of arm's-length negotiation by highly experienced counsel. The Court also finds that the proposed Settlement appears to fall within the range of possible approval. Therefore, the Court hereby

---

[1] The executed version of the Settlement Agreement was filed with the Court on February 3, 2005. All references to the Settlement Agreement or to attachments or exhibits thereto are to that executed version.

**PRELIMINARILY APPROVES** the proposed Settlement.

4.  The Court finds that the form of Notice to the Settlement Class to be mailed first class to all Settlement Class members who can be reasonably identified and located (Exhibit 4a to the Settlement Agreement filed on February 3) and the form of Notice to the Settlement Class to be published (1) once per week for two consecutive weeks in the *Wall Street Journal*, in *USA Today* and in a Canadian Newspaper with national circulation and (2) once per week, or as many times as publication schedules allow, in the following publications: *Modern HealthCare, Medical Economics, American Medical News, Health Facility Management, McKnight's, Provider* (an AHCA publication), and *HomeCare Magazine*, during the period beginning one week after the completion of the Mailed Notice and ending one week before the Opt-Out Deadline (Exhibit 4b to the Settlement Agreement), constitute the best notice practicable under the circumstances under Rule 23(c)(2)(B), and otherwise satisfy Rule 23(c)(2), the requirements of Rule 23(e) and Constitutional due process. Thus, these forms of Notice to the Settlement Class are hereby **APPROVED** for dissemination to the Settlement Class. On or before February 24, 2006, Class Counsel shall complete mailing the form of Notice to the Settlement Class as set forth above. On March 3, 2006, Class Counsel shall commence publishing the form of Notice to the Settlement Class as set forth above.

5.  The Court approves The Garden City Group, Inc., as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include those set forth in the Settlement Agreement and in the Plan of Distribution (upon approval of such Plan by the Court), such as mailing the form of Notice to the Settlement Class, providing Proof of Claim forms to Settlement Class members, receiving and maintaining requests for Opt-Outs, processing and maintaining such forms after submission by Settlement Class members, verifying claim amounts,

3

and allocating settlement payments to Settlement Class members. The Court further approves Strother-Duffy-Shelton as the co-administrator responsible for providing publication notice.

6.  As described in the Notice to the Settlement Class, any Settlement Class member may opt out of the Settlement Class by mailing a written request addressed to Spartanburg Settlement; Attn: Exclusions Department; P.O. Box 9000 #6394; Merrick, NY 11566-9000, and causing same to be postmarked no later than April 17, 2006. Requests for exclusion from the Settlement Class must include the sender's name and address and clearly state that the sender wishes to be excluded from the Settlement Class. Persons or entities that request exclusion from the Settlement Class will not be entitled to share in the benefits of the Settlement, nor be precluded from bringing their own lawsuit based on any claims arising out of the subject matter of this Action.

7.  On or before May 22, 2006, Class Counsel shall file their: (a) application for attorneys' fees and costs, specifying the total amount of costs and expenses to be reimbursed, and the total amount of attorneys' fees sought from the settlement fund; (b) request for incentive awards for representative plaintiffs; (c) plan of distribution; and (d) motion for final approval of the Settlement Agreement and their brief in support.

8.  Settlement Class members who have not opted out of the Settlement Class, but who wish to object to the proposed Settlement and/or be heard at the Fairness Hearing (see below), shall cause to be filed with the Clerk of this Court no later than April 17, 2006, and cause to be received by Class Counsel no later than April 20, 2006, a Notice of Intention to Appear and Statement of the position to be asserted and the ground therefor, together with copies of any supporting papers or briefs. Except as herein provided, no person shall be entitled to contest the terms and conditions of the Settlement, and persons who fail to object as provided herein shall be

deemed to have waived and shall forever be foreclosed from raising any such objections.

9.     A hearing shall be held in this Court at 9:30 am on June 12, 2006 ("Fairness Hearing") for the purpose of considering: whether (a) the proposed settlement should be finally approved as fair, reasonable, and adequate; (b) the Action should be dismissed with prejudice; (c) the applications for an award of Class Counsel fees and reimbursement of costs and expenses should be approved; (d) the application for an incentive award for SRHS as Class Representative should be approved; and (e) the plan of distribution for the Settlement Fund should be finally approved.

10.    The Parties are hereby directed to carry out their respective duties set forth in the Settlement Agreement that are to occur prior to the Fairness Hearing and entry of Final Order.

**IT IS SO ORDERED.**

Signed this 6th day of February, 2006, in Spartanburg, South Carolina.


                                   s/ Henry F. Floyd
                                   UNITED STATES DISTRICT JUDGE