**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Spartanburg Regional Health Services ) | | |
| District, Inc. d/b/a Spartanburg Regional ) | | |
| Healthcare System, Spartanburg Regional ) | | |
| Medical Center, Spartanburg Hospital for ) | | |
| Restorative Care, and B.J. Workman ) | | |
| Memorial Hospital, on behalf of themselves ) | | |
| and others similarly situated,, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | C.A. No. 7:03-2141-HFF | |
| ) | | |
| Hillenbrand Industries, Inc., Hill-Rom, Inc. ) | | |
| and Hill-Rom Company, Inc., ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER AND FINAL JUDGMENT**

The Court, having considered Plaintiff's Motion for Approval of Settlement and the proposed Plan of Distribution; and having held a hearing on June 14, 2006; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, filed with the Court on February 3, 2006, and all capitalized terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. Nothing in this Order or in the Settlement Agreement shall be construed as an admission by any party or evidence in any action or proceeding of any kind whatsoever, civil,

criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendants have engaged in any conduct or practices that violate any antitrust statute or other law.

3. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Settlement Class as follows:

> All purchasers or renters of any Hill-Rom products ("Products" as defined in section 2 of the Settlement Agreement) in North America during the period from January 1, 1990 through February 2, 2006 (the "Settlement Class").

Excluded from the Settlement Class are Defendants in this lawsuit, and their officers, directors, management and employees, subsidiaries and affiliates. Under the Settlement Agreement, "North America" refers to the United States and Canada.

5. Notice of the Settlement has been given to the Settlement Class in an adequate and sufficient manner, constituting the best notice practicable, and complying in all respects with Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process.

6. Attached hereto as Exhibit 2 is the list of persons who have excluded themselves from the Settlement Class and for whom this order and judgment has no force and effect. For a period of five years, the Clerk of the Court shall maintain the record of those members of the Settlement Class who have timely excluded themselves from the Settlement Class and shall provide a certified copy of such records to Defendants at Defendants' expense.

7. Pursuant to Rule 23, the Court hereby approves in all respects the Settlement set forth in the Settlement Agreement and finds that the Settlement Agreement is fair, reasonable and

adequate, and in the best interests of the Settlement Class. The Parties are hereby directed to carry out the Settlement Agreement in accordance with its terms and provisions.

8.  The Action is hereby dismissed *with prejudice* and without costs to any party.

9.  Under the terms and conditions set forth in the Settlement Agreement, Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective stockholders, members, officers, directors, insurers, general or limited partners, employees, agents, legal representatives (and the predecessors, heirs, attorneys and executors, administrators, successors and assigns of each of the foregoing) (individually and collectively, the "Released Parties") are and shall be released and forever discharged to the fullest extent permitted by law from and against any and all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature and kind whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that each and every Participating Class Member (including any of their past, present or future parents, subsidiaries, divisions, affiliates, stockholders, and each and any of their respective stockholders, officers, directors, insurers, general or limited partners, agents, attorneys, employees, legal representatives, trustees, associates, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund (the "Releasing Parties"), ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, relating to or arising out of the subject matter of the Action based on conduct or events from the beginning of time through February 2, 2006, including without limitation all claims which were or could have been brought in the Action related to the discounting, marketing, purchase, rental, servicing or warranty of the Products and all

claims which may result from the current or future effects of conduct or events occurring prior to or which may exist as of February 2, 2006 (all of the foregoing being the "Released Claims"). Released Claims shall not include any claim based on personal injury, product liability, intellectual property rights or breach of contract or warranty concerning conduct or events unrelated to the Released Claims.

10.     In addition, each Settlement Class member hereby expressly waives and releases, upon Final Approval of the Settlement Agreement, any and all provisions, rights, benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release: extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Settlement Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but each Settlement Class member hereby expressly waives and fully, finally and forever settles and releases, any known or unknown, suspected or unsuspected, contingent or non contingent claim with respect to the Released Claims whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Without limiting the scope of the release, each Settlement Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against Defendants under § 17200, et seq, of the California Business and Professions Code, which claims are expressly incorporated into the definition of Released Claims.

11.     No Participating Class member shall seek to establish or impose liability against any

Released Party based, in whole or in part, on any of the Released Claims.

12. Class Counsel's Plan of Distribution attached as Ex. 3 hereto is hereby approved.

13. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement Agreement and in order to determine any issues relating to attorneys' fees and expenses and any distribution to Participating Class Members. In addition, without affecting the finality of this judgment, Defendants and each Participating Class Member hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of South Carolina, Spartanburg Division, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the Release provisions herein.

14. In the event Final Approval does not occur in accordance with the terms of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void, shall be vacated and all orders entered and releases delivered in connection herewith shall be null and void, unless the parties to the Settlement Agreement agree otherwise.

15. This Final Judgment shall be entered by the Clerk forthwith.[*]

**IT IS SO ORDERED.**

Signed this 15th day of June, 2006, in Spartanburg, South Carolina.

s/Henry F. Floyd<br>
UNITED STATES DISTRICT JUDGE

---

[*] This amended Order vacates and supersedes the Court's Order and Final Judgment of June 14, 2006. This amended Order is filed to incorporate the addition of two parties to Exhibit 2, Persons Excluding Themselves from the Class.